```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
RICKEY AVANT,

                    Plaintiff,
                                        MEMORANDUM & ORDER
          -against-                     21-CV-0974(JS)(SIL)

DETECTIVE JUAN MIRANDA,
DETECTIVE ANTHONY COUSINS,
LT. STEVEN L. HOROWITZ,
SGT. BRIAN S. CONNOLLY, and
HEMPSTEAD POLICE DEPARTMENT,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Rickey Avant, pro se
                    2020001153
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, New York 11554

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On or around February 22, 2021, pro se plaintiff Rickey Avant ("Plaintiff") filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against Detective Juan Miranda ("Det. Miranda"), Detective Anthony Cousins ("Det. Cousins"), Lieutenant Steven L. Horowitz ("Lt. Horowitz"), Sergeant Brian S. Connolly ("Sgt. Connolly"), and the Hempstead Police Department (the "HPD," and collectively, "Defendants"). (See Compl., ECF No. 1.) Plaintiff also filed an application to proceed in forma

pauperis ("IFP"). (IFP Mot., ECF No. 2.) For the reasons that follow: (1) Plaintiff's application to proceed in forma pauperis GRANTED; (2) Plaintiff's Section 1983 claims against the HPD are DISMISSED WITH PREJUDICE; (3) Plaintiff's Section 1983 claims against Det. Miranda, Det. Cousins, Lt. Horowitz, and Sgt. Connolly are DISMISSED WITHOUT PREJUDICE; (3) this action is STAYED pending the conclusion of Plaintiff's underlying state court criminal proceeding; and (4) Plaintiff is GRANTED leave to file an amended complaint after resolution of the underlying criminal proceeding.

BACKGROUND[1]

Plaintiff utilized the Court's Section 1983 complaint form and alleges:

> On June 11, 2020 at 4:37 p.m. at 100 Terrace Ave. in Hempstead, NY 11550, Detectives Juan Miranda Shield # 198, & Anthony Cousins Shield # 1217 unlawfully seized me & violated my Constitutional rights (4th Amendment) by drawing their guns on me, depriving me of my liberty of movement, invading my privacy & arresting me for a crime that they thought I had committed. They also filed false felony complaints in the Hempstead Police Department Accusing me of being a suspect of a crime that I did not commit & now my freedom has been taken from me.

---

[1] Excerpts from the Complaints are reproduced exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

(Compl. at ECF p. 2.)[2] Plaintiff further alleges that: "Yes medical treatment was received. I was taken to the Nassau County Medical Center to receive a medical treatment for my Asthma. This arrest caused me to have an Asthma attack." (Id. ¶ II.A.)

As for relief, Plaintiff seeks damages award in:

> the sum of $1 million for false imprisonment, pain & suffering, & cruel & unusual punishment for the hardship I had to endure being locked down in Nassau County Jail during an epidemic. I also want to be reimbursed for all the money my family spent supporting me on commissary, packages, mail postage, & collect calls.

(Id. at ECF p. 3, ¶ III.)

DISCUSSION

I. Plaintiff's *In Forma Pauperis* Application is Granted

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

---

[2] When citing to the Complaint, the Court refers to the page numbers generated by the Court's Electronic Case Filing system.

II. Consideration of 28 U.S.C. § 1915

28 U.S.C. § 1915 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). An action is frivolous as a matter of law when, inter alia, it is based on an "indisputably meritless legal theory" or when it "lacks an arguable basis in law . . ., or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court is required to dismiss the action as soon as it makes such a determination. See 28 U.S.C. § 1915A.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

4

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

With these standards in mind, the Court considers Plaintiff's claims below.

### III. Analysis of Plaintiff's Claims Pursuant to Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . ..

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider

v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993).

A. Plaintiff's Section 1983 Claims Against the HPD are Dismissed With Prejudice

It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002). Thus, Plaintiff's claims against the HPD cannot proceed because the HPD has no legal identity separate and apart from the Incorporated Village of Hempstead (the "Village"). Accordingly, the claims against the HPD are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). See, e.g., Bussey v. Devane, No. 13-CV-3660, 2013 WL 4459059, at *5 (E.D.N.Y. Aug. 16, 2013) (dismissing Section 1983 claims against the HPD because it lacks the capacity to be sued).

Given Plaintiff's pro se status, the Court liberally construes the Complaint to assert a Section 1983 claim against the municipality, the Village. As discussed below, any claims against the Village are dismissed without prejudice.

6

It is well-established that a municipality, such as the Incorporated Village of Hempstead, cannot be held liable under Section 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 691 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 563 U.S. 51, 60 (2011)); see also Monell, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-91 (internal citation omitted).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, see Connick, 563 U.S. at 60-61; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights, see Amnesty Am. v. Town of W.

Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 563 U. S. at 61; see also Green v. City of N.Y., 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials," Patterson v. Cty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (internal quotation marks and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates" Cash, 654 F.3d at 334 (internal quotation marks and citations omitted); see also Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (A municipal custom may be found when "faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions." (citation omitted) (second alteration in original)).

Here, when liberally construing the Complaint, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against the Village. Accordingly, to the extent alleged, claims against the Village are DISMISSED WITHOUT PREJUDICE.

B. <u>Plaintiff's Section 1983 Claims Against Lt. Horowitz and Sgt. Connolly are Dismissed Without Prejudice</u>

Although Plaintiff names Lt. Horowitz and Sgt. Connolly in the caption of the Complaint, neither Defendant is mentioned in the body of the Complaint. "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, <u>inter alia</u>, the defendant's personal involvement in the alleged constitutional deprivation." <u>Grullon v. City of New Haven</u>, 720 F.3d 133, 138 (2d Cir. 2013). Thus, "a Section 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.'" <u>Austin v. Pappas</u>, No. 04-CV-7263, 2008 WL 857528, *2 (S.D.N.Y. Mar. 31, 2008) (quoting <u>Bass v. Jackson</u>, 790 F.2d 260, 263 (2d Cir. 1986)).

Moreover, as the Second Circuit recently made clear, "there is no special rule for supervisory liability" and, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." <u>Tangreti v. Bachmann</u>, 983 F.3d 609, 619-20 (2d Cir. 2020). Where a Section 1983 claim fails to allege a defendant's personal involvement, the claim fails as a matter of law. <u>See</u> <u>Johnson v. Barney</u>, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, as is readily apparent, Plaintiff has not alleged factual allegations of conduct or inaction attributable to Lt. Horowitz or Sgt. Connolly. The failure to allege any facts demonstrating their personal involvement is fatal to Plaintiff's Section 1983 claims against Lt. Horowitz or Sgt. Connolly. See Spavone v. N.Y. State Dep't of Corr. Serv., 719 F.3d 127, 135 (2d Cir. 2013) (holding that a plaintiff proceeding under Section 1983 must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation). Accordingly, Plaintiff's Section 1983 claims against Lt. Horowitz and Sgt. Connolly are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

C. <u>Plaintiff's Section 1983 Claims Against Det. Miranda and Det. Cousins are Dismissed Without Prejudice</u>

Plaintiff alleges that Det. Miranda and Det. Cousins

> unlawfully seized me & violated my Constitutional rights (4th Amendment) by drawing their guns on me, depriving me of my liberty of movement, invading my privacy & arresting me for a crime that they thought I had committed. They also filed false felony complaints in the Hempstead Police Department accusing me of being a suspect of a crime that I did not commit & now my freedom has been taken from me.

(Compl. at ECF p. 2.) The Court construes these allegations as asserting false arrest and false imprisonment claims against

Det. Miranda and Det. Cousins.

A Section 1983 claim for false arrest "is substantially the same as a claim for false arrest under New York law."[3] Bonadies v. Town of Amenia, No. 19-CV-10890, 2020 WL 5209510, at *10 (S.D.N.Y. Aug. 31, 2020) (quoting Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)). To succeed on a false arrest claim under New York law, a plaintiff must show that "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." Wheeler v. Kolek, No. 16-CV-7441, 2020 WL 6726947, at *4 (S.D.N.Y. Nov. 16, 2020) (internal quotation marks and citation omitted); see also Liranzo v. United States, 690 F.3d 78, 95 (2d Cir. 2012). The existence of probable cause is a complete bar to a claim for false arrest. Ackerson v. City of White Plains, 702 F.3d 15, 19 (2d Cir. 2012) ("Probable cause is a complete defense to an action for false arrest.") (citation and internal quotation marks omitted).

---

[3] "Plaintiff's false arrest and false imprisonment claims are addressed together for the purposes of this court's analysis." Montes v. O'Shea, No. 21-CV-0303, 2021 WL 1759853, at *3 n.6 (N.D.N.Y. Apr. 6, 2021), Report and Recommendation Adopted, 2021 WL 1758858 (N.D.N.Y. May 4, 2021) (citing Posr v. Doherty, 944 F.2d 91, 96 (2d Cir. 1991) ("False arrest is simply an unlawful detention or confinement brought about by means of an arrest rather than in some other way and is in all other respects synonymous with false imprisonment.")).

Further, "[a]n arrest is privileged as a matter of law if the individual claiming false arrest is convicted of the crime for which he or she was arrested." Icangelo v. Doe, No. 13-CV-1638, 2013 WL 1455313, at *2 (E.D.N.Y. Apr. 2, 2013); see also Sanchez v. Miller, No. 20-CV-0620, 2020 WL 1140843, at *6 (S.D.N.Y. Mar. 6, 2020) ("[A] civil rights plaintiff cannot pursue claims that would necessarily be inconsistent with a conviction."). Therefore, if plaintiff is subsequently convicted of the charges for which he was arrested, to recover damages for an allegedly false arrest, he "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

First, following this guidance, the Court takes judicial notice that New York State Office of Court Administration records reflect that Judge Robert G. Bogle scheduled an appearance for June 7, 2021 relating to the arrest that forms the basis of Plaintiff's Complaint here.[4]

---

4 (https://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch (last visited May 17, 2021)); Toussaint v. Guadarama, No. 21-CV-0032, 2021 WL 1648648, at *1 n.1 (D. Conn. Apr. 27, 2021) ("The Court may 'take judicial notice of relevant matters of public record.'" (quoting

12

Second, although the charges that form the basis of the Complaint are pending, the Court finds that Heck, cited above, does not bar Plaintiff's claims here. Specifically, "Heck bars a § 1983 claim based on an extant conviction, but it has no application to an anticipated future conviction." Stegemann v. Rensselaer Cty. Sheriff's Office, 648 F. App'x 73, 76 (2d Cir. 2016); see Wallace v. Kato, 549 U.S. 384, 393 (2007) (rejecting the argument that "an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside" and stating "[w]e are not disposed to embrace this . . . extension of Heck" (emphasis in original)); McDonough v. Smith, 139 S. Ct. 2149, 2157 (2019) (noting that "some claims do fall outside Heck's ambit when a conviction is merely 'anticipated'" (citations omitted)). Accordingly, "the pending criminal charges do not, . . ., bar Plaintiff's false arrest and false imprisonment claims." Myers v. Municipality of Greene Cty., No. 19-CV-0325, 2020 WL 204296, at *4 (N.D.N.Y. Jan. 14, 2020).

Third, because Plaintiff is awaiting trial and/or the charges remain pending, "his false arrest claim is premature." Hall v. Salaway, No. 20-CV-4651, 2021 WL 826169, at *4 (E.D.N.Y. Mar. 3, 2021); Birdsall v. City of Hartford, 249 F. Supp. 2d 163,

---

Giraldo v. Kessler, 694 F.3d 161, 164 (2d Cir. 2012))).

13

171 (D. Conn. 2003) ("It is well settled in the Second Circuit that in order to prevail on a cause of action for false arrest . . ., a plaintiff must prove that the underlying criminal proceeding terminated in his favor." (citation omitted)). As discussed below, the Court stays this action pending resolution of the underlying criminal proceeding.

Fourth, even when considering the merits, the Court finds that Plaintiff's false arrest and false imprisonment claims must be dismissed. It is well-established that "if 'the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest,' the arrest is privileged, and the plaintiff cannot state a claim for false arrest." Sanchez, 2020 WL 1140843, at *6 (quoting Devenpeck v. Alford, 543 U.S. 146, 152 (2004)). "Officers have probable cause to arrest when they have 'knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime.'" Id. (alterations in original) (quoting Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir. 2006)). To that extent, "police officers may have had probable cause to arrest if they have acted reasonably, even if they were mistaken." Id. (collecting cases).

Moreover, "[a]n arrest pursuant to a warrant is presumed to be reasonable under the Fourth Amendment because such warrants are issued only after a showing of probable cause." Id. (citing Walczyk v. Rio, 496 F.3d 139, 155-56 (2d Cir. 2007)) (further citation omitted). Plaintiff may rebut the presumption of probable cause "only if he alleges facts suggesting that the arrest warrant was facially invalid or that it was procured through fraud, perjury, or the misrepresentation or falsification of evidence." Id. (quoting Vasquez v. Reilly, No. 15-CV-9528, 2017 WL 946306, at *7 (S.D.N.Y. Mar. 9, 2017)).

Here, Plaintiff asserts only that Defendants "unlawfully seized me & violated my constitutional rights (4th Amendment) by . . . depriving me of my liberty of movement, invading my privacy & arresting me for a crime that they thought I had committed." (Compl. at ECF p. 2.) The claims fail because the Complaint fails to allege facts "suggesting that the arrest was not privileged." Sanchez, 2020 WL 1140843, at *6. Thus, the false arrest and false imprisonment claims are DISMISSED WITHOUT PREJUDICE.

IV. <u>This Action is Stayed Pending Resolution of the Underlying Criminal Case</u>

Because Plaintiff's criminal case is ongoing, as noted above, this action is STAYED pending the conclusion of the underlying criminal proceeding. <u>Wallace</u>, 549 U.S. at 393–94 ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." (citations omitted)); <u>Stegemann</u>, 648 F. App'x at 78 (noting where, as here, the "underlying criminal action is ongoing, the better course might be for the District Court to hold [the plaintiff's] civil action in abeyance until a judgment of conviction has been entered in [the underlying] criminal case"); <u>see also</u> <u>Hall</u>, 2021 WL 826169, at *6 (collecting cases). The Clerk of the Court shall administratively CLOSE this case. Plaintiff is GRANTED leave to request, in writing, that this case be reopened within two (2) weeks after the conclusion of his state court criminal proceeding, if so warranted at that time.

V. <u>Plaintiff is Granted Leave to File an Amended Complaint Upon Resolution of the Underlying Criminal Case</u>

A <u>pro se</u> plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." <u>Shomo v. City of New York</u>, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). Therefore, Plaintiff is GRANTED leave to to submit an Amended Complaint in accordance with this Order following the conclusion of the on-going criminal proceedings against Plaintiff in state court. <u>See</u> <u>Hall</u>, 2021 WL 826169, at *6 (collecting cases).

In any Amended Complaint, Plaintiff must provide the names of the individual officers he alleges falsely arrested and imprisoned him and allege facts suggesting that the officers did not have probable cause to arrest and imprison him. If Plaintiff was arrested pursuant to a warrant, the Amended Complaint "must allege facts suggesting that the warrant was facially invalid or that it was procured through fraud, perjury, or the misrepresentation or falsification of evidence." <u>Sanchez</u>, 2020 WL 1140843, at *6 (internal quotation marks and citation omitted). "Conclusory assertions that [Plaintiff] was 'illegally' or 'unlawfully' arrested are not sufficient to state a claim under" Section 1983. <u>Id.</u> Finally, if Plaintiff is "subsequently

convicted of the charges for which he was arrested, in order to recover damages for an allegedly false arrest, he 'must provide that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]'"  Id. (quoting Heck, 512 U.S at 486-87).

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED; and

**IT IS FURTHER ORDERED** that Plaintiff's claims against the HPD are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); and

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Lt. Horowitz, Sgt. Connolly, Det. Miranda, and Det. Cousins are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); and

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file an Amended Complaint.  However, this action is STAYED pending the resolution of the underlying criminal case; and

**IT IS FURTHER ORDERED** that Plaintiff is GRANTED leave to request in writing that this case be re-opened within two (2) weeks from the conclusion of the underlying criminal case, if so warranted at that time; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall (1) administratively close this case and (2) mail a copy of this Order to the pro se Plaintiff; and

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith; therefore, in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, (1962).

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May  18 , 2021
      Central Islip, New York